IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:10CV313 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOCTOR STEPHEN O'NIEL, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on August 24, 2010.  (Filing No. 1.)
Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No.
14.)  The court now conducts an initial review of the Complaint to determine whether
summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.       SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter on August 24, 2010, against Doctor
Stephen O'Niel.  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff sues Defendant in both his
individual and official capacities.  (*Id*. at CM/ECF p. 4.)  When Plaintiff filed his
Complaint he was a patient at the Norfolk Regional Center ("NRC") in Norfolk,
Nebraska.  (*Id*. at CM/ECF p. 2.)  However, Plaintiff is currently confined in the
Madison County Jail in Madison, Nebraska.  (Filing No. 15.)

Condensed and summarized, Plaintiff alleges that Defendant violated his First
Amendment rights by inspecting Plaintiff's incoming mail and confiscating a cell
phone sent by Plaintiff's attorney.  (Filing No. 1 at CM/ECF p. 4.)  Plaintiff also
alleges that Defendant directed his staff to stop Plaintiff from making unlimited free
phone calls to his attorney.  (*Id*. at CM/ECF pp. 4, 10.)  NRC currently allows

1

Plaintiff to make two free phone calls per week and additional phone calls with a phone card. (*Id*. at CM/ECF p. 10.) Plaintiff seeks $2 million in monetary damages. (*Id*. at CM/ECF p. 5.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

### A.   *First Amendment*

Although involuntarily committed individuals do not forfeit their First Amendment right to receive incoming mail, that right may be limited by institutional regulations that are reasonably related to a legitimate penological or institutional interest. *Turner v. Safely*, 482 U.S. 78 (1987). Indeed, "[t]he governmental interests in running a state mental hospital are similar in material aspects to that of running a prison. Administrators have a vital interest in ensuring the safety of their staff, other patients, and of course in ensuring the patients' own safety." *Morgan v. Rabun*, 128 F.3d 694, 697 (8th Cir.1997); *see also Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004) (although involuntarily committed patient of state hospital is not prisoner per se, his confinement is subject to same safety and security concerns as that of prisoner). The Supreme Court has held that a prison may, in the presence of an inmate, inspect mail from an attorney. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974).

Here, Plaintiff alleges that Defendant violated his First Amendment rights by inspecting his incoming mail and confiscating a cell phone sent by Plaintiff's attorney. (Filing No. 1 at CM/ECF p. 4.) However, Plaintiff does not allege whether he was present during the inspection. Due to this failure, Plaintiff has failed to allege sufficient facts to allow the court to infer that Defendant is liable for the misconduct alleged. Thus, Plaintiff's Complaint fails to state a First Amendment claim upon which relief may be granted.

However, on the court's own motion, Plaintiff shall have 30 days to file an amended complaint that clearly alleges whether he was present during the inspection of mail from his attorney. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to

3

consolidate all claims into one document may result in the abandonment of claims.

       B.    *Access to Courts*

Plaintiff also alleges that Defendant directed his staff to stop Plaintiff from making unlimited free phone calls to his attorney. (Filing No. 1 at CM/ECF pp. 4, 10.) The court liberally construes this allegation to allege a claim against Defendant for denying Plaintiff meaningful access to the courts, which includes a reasonable opportunity to seek and receive the assistance of attorneys. *See Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *partially overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989).

To prove a violation of the right of meaningful access to the courts, Plaintiff must establish that Defendant did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted). "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id*. (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Plaintiff has not alleged sufficient facts to demonstrate that Defendant frustrated or impeded his ability to bring a nonfrivolous and arguably meritorious underlying legal claim. Thus, Plaintiff's access to courts claim against Defendant fails to state a claim upon which relief may be granted. However, as with Plaintiff's First Amendment claim, Plaintiff shall have 30 days to file an amended complaint that clearly alleges that Defendant impeded his ability to bring a non-frivolous and arguably meritorious underlying legal claim. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4

C.      *State Law Claims*

Liberally construing the Complaint, Plaintiff may also have state law claims against Defendant.   Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.  In the event that Plaintiff abandons or fails to amend his Complaint in accordance with this Memorandum and Order, the court will not retain jurisdiction over any state law claims and those claims will be dismissed without prejudice to reassertion in state court.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Complaint (filing no. 1) fails to state a claim upon which relief may be granted.  However, Plaintiff shall have until **November 18, 2010**, to amend his Complaint in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further notice.

2.      In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3.      Plaintiff's Motion for Trial (filing no. 16) is denied.

4.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: "Check for amended complaint on **November 18, 2010**."

5

5.    Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 19th day of October, 2010.

BY THE COURT:

s/ Joseph F. Bataillon_____
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.