IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:10CV313 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOCTOR STEPHEN O'NIEL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion to Amend Complaint. (Filing No. 22.) For the reasons discussed below, Plaintiff's Motion is granted.

## *I. Background*

On October 19, 2010, the court conducted an initial review of Plaintiff's Complaint and liberally construed it to allege a First Amendment claim and an access to courts claim. (Filing No. 21.) The court also concluded that Plaintiff's allegations failed to state a claim upon which relief may be granted. (*Id*.) However, the court granted Plaintiff leave to file an amended complaint. (*Id*.) In doing so, the court warned Plaintiff that if he failed to amend his complaint in accordance with the court's October 19, 2010, Memorandum and Order, the court would dismiss his Complaint without further notice. On October 22, 2010, Plaintiff filed his Motion to Amend Complaint along with a Brief in support.[1] (Filing Nos. 22 and 23.)

## *II. Analysis*

The court has carefully reviewed Plaintiff's Motion to Amend and Brief in Support. Liberally construed, these supplemental pleadings comply with the court's October 19, 2010,

---

[1] The court will consider these filings as supplemental to rather than superseding Plaintiff's original Complaint. *See* NECivR 15.1 (stating that the court may consider a pro se plaintiff's amended pleading "as supplemental to, rather than as superseding, the original pleading").

Memorandum and Order, with respect to Plaintiff's First Amendment claim. However, they still fail to establish an access to courts claim. In light of this, service is warranted as to Plaintiff's First Amendment claim only.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend Complaint (filing no. 22) is granted.

2. Plaintiff's access to courts claim is dismissed in accordance with this Memorandum and Order and the court's October 19, 2010, Memorandum and Order.

3. Plaintiff's First Amendment claim may proceed and service is now warranted.

4. To obtain service of process on the remaining Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

6. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty one (21) days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**April 6, 2010:** Check for completion of service of summons."

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

9. Plaintiff's Motion for a Trial Hearing and Judgment (filing no. 24) is denied as premature.

DATED this 8th day of December, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.