IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:10CV313 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN O'NIEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| ANDREW A. HERZOG, | ) | 8:10CV381 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STEPHEN O'NIEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. For the reasons set forth below, Case Numbers 8:10CV313 and 8:10CV381 are consolidated.

### *I. BACKGROUND*

Plaintiff filed a Complaint in Case Number 8:10CV313 on August 24, 2010, against Stephen O'Niel ("O'Niel"). (Case No. 8:10CV313, Filing No. 1.) Plaintiff subsequently filed an Amended Complaint against O'Niel in which he alleged that O'Niel violated his First Amendment rights by ordering his staff to inspect incoming mail sent to Plaintiff by Plaintiff's attorney, and his staff did so outside of Plaintiff's presence. (Case No. 8:10CV313, Filing No. 22 at CM/ECF pp. 1-2.) In doing so, staff confiscated a confidential letter from Plaintiff's attorney, and also a cellular phone sent to Plaintiff by Plaintiff's attorney for the purposes of communicating with Plaintiff about pending litigation. (*Id.*)

On October 8, 2010, Plaintiff filed a separate Complaint in Case Number 8:10CV381 against O'Niel and six other individuals. (Case No. 8:10CV381, Filing No. 1.) Plaintiff noted in the Complaint that he had already begun a lawsuit in Case Number 8:10CV313 dealing with the same facts. (*Id.* at CM/ECF pp. 2-3.) In Case Number 8:10CV381, Plaintiff, liberally construed, alleges that O'Niel violated his First Amendment rights by authorizing staff to stop Plaintiff's "outgoing and incoming phone calls and letters," thereby limiting Plaintiff's "contact with legal court officials." Further, the other named Defendants allowed the violations of Plaintiff's rights to occur. (*Id.* at CM/ECF pp. 5-6.)

## *II. ANALYSIS*

Consolidation of separate actions is governed by Federal Rule of Civil Procedure 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

A court may consolidate cases in the interest of expedition and economy. *United States Envtl. Protection Agency v. Green Forest, Ark.*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). However, consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

2

The court has carefully examined the record in Case Numbers 8:10CV313 and 8:10CV381. The Amended Complaint in Case Number 8:10CV313 and the Complaint in Case Number 8:10CV381 both allege that O'Niel violated Plaintiff's First Amendment rights by ordering staff to restrict Plaintiff's mail and telephone privileges, including Plaintiff's mail and telephone correspondence with his attorney and other court officials. The only notable distinction between the two complaints is that in Case Number 8:10CV381, Plaintiff names six additional Defendants and alleges they allowed the violations of Plaintiff's rights to occur. (*Compare* Case No. 8:10CV313, Filing No. 22 *with* Case No. 8:10CV381, Filing No. 1.) Because Case Numbers 8:10CV313 and 8:10CV381 involve common questions of law and fact, the court will consolidate them in the interest of expedition and economy.

No later than February 28, 2011, Plaintiff shall file an amended complaint in Case Number 8:10CV313 that contains all of Plaintiff's claims, including those presented in Case Number 8:10CV381. Any claims not contained in the amended complaint will be deemed abandoned. In the event that Plaintiff files an amended complaint in accordance with this Memorandum and Order, the court will dismiss Case Number 8:10CV381. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Case Number 8:10CV313 and 8:10CV381 may be dismissed without further notice.

### III. PENDING MOTIONS

Because the court has directed Plaintiff to file an amended complaint in Case Number 8:10CV313 that contains all of Plaintiff's claims, including those presented in Case Number 8:10CV381, pending motions in both cases are denied without prejudice to reassertion until after Plaintiff files an amended complaint. In the event that Plaintiff files an amended complaint, the court will conduct an initial review of the amended complaint to determine whether Plaintiff's amended claims may proceed to service upon Defendants.

IT IS THEREFORE ORDERED that:

1. No later than February 28, 2011, Plaintiff shall file an amended complaint in Case Number 8:10CV313. The amended complaint shall contain all of Plaintiff's claims, including those presented in Case Number 8:10CV381. Any claims not contained in the amended complaint will be deemed abandoned. All further pleadings shall be filed in Case Number 8:10CV313.

2. In the event that Plaintiff files an amended complaint in accordance with this Memorandum and Order, the court will dismiss Case Number 8:10CV381 and the portion of the filing fee paid in that case will be applied to Case Number 8:10CV313. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Case Numbers 8:10CV313 and 8:10CV381 may be dismissed without further notice.

3. All pending motions in Case Numbers 8:10CV313 and 8:10CV381 are denied without prejudice to reassertion until after Plaintiff files an amended complaint in accordance with this Memorandum and Order.

4. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: February 28, 2011: deadline for Plaintiff to file amended complaint.

DATED this 26th day of January, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.