IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:10CV313 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOCTOR STEPHEN O'NIEL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Stephen O'Neill's[1] Motions to Dismiss. (Filing No. 58.) Also pending is Plaintiff's Motion for Summary Judgment. (Filing No. 60.) As set forth below, the Motions are denied.

On April 13, 2011, the court conducted a detailed review of Plaintiff's Amended Complaint. (Filing No. 57.) In that Memorandum and Order, the court liberally construed and analyzed each of Plaintiff's claims. (*Id.*) In doing so, the court determined that Plaintiff had set forth enough allegations to "nudge" his First Amendment claim against O'Neill "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Burke v. N. D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (holding that a pro se complaint must be construed liberally).

Rather than file an answer, O'Neill elected to file a Motion to Dismiss, arguing that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. (Filing Nos. 58 and 59.) However, the court already resolved that question and declines to revisit it now. For the reasons set forth in its April 13, 2011, Memorandum and Order, Plaintiff has set forth sufficient facts to nudge his claims across the line from conceivable to

---

[1] Defendant has informed the court that the spelling of his name is "O'Neill." (Filing No. 59 at CM/ECF p. 1.) The court will refer to Defendant by his correctly spelled name.

plausible. While Plaintiff's claims may not ultimately withstand a motion for summary judgment, they are enough to withstand the pending Motion to Dismiss.

Also pending is Plaintiff's Motion for Summary Judgment. (Filing No. 60.) O'Neill has not filed an answer in this matter and has not had the opportunity to conduct discovery. Accordingly, Plaintiff's Motion for Summary Judgment is premature. If O'Neill files an answer, the court will enter a progression order that sets forth the discovery timeline in this matter. Plaintiff may file a motion for summary judgment after discovery is completed.

IT IS THEREFORE ORDERED that:

1. O'Neill's Motion to Dismiss (filing no. 58) is denied without prejudice to reassertion in a motion for summary judgment.

2. Plaintiff's Motion for Summary Judgment (filing no. 60) is denied as premature.

3. In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), O'Neill shall file his answer no later than 14 days from the date of this Memorandum and Order.

4. A separate progression order will be entered progressing this matter to final disposition.

DATED this 5th day of August, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.