IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:10CV313 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN O'NIEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| ANDREW A. HERZOG, | ) | 8:10CV381 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| STEPHEN O'NIEL, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on several Motions filed by the parties. (Filing Nos. 70, 74, 76, 78, 80, 82, 84, 86, 98 and 101.) Many of these Motions relate to discovery. (Filing Nos. 70, 74, 76, 78, 80, 82, 84 and 86.)

## I.  PENDING DISCOVERY MOTIONS

Plaintiff has filed a Request for the Production and Inspection of Documentation (filing no. 70) and seven Motions for Evidentiary Depositions from Witnesses (filing nos. 74, 76, 78, 80, 82, 84 and 86). In his Request for the Production and Inspection of Documentation (filing no. 70), Plaintiff seeks "1 copy per month starting on" August 1, 2006, until August 1, 2011, for a total "amount of" 60 copies. (Filing No. 70 at CM/ECF p. 1.) Plaintiff does not specify which

documents he wants copies of. (*Id*.) Thus, the court liberally construes Plaintiff's Request for the Production and Inspection of Documentation as a Motion for Copies. Plaintiff does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Plaintiff requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Plaintiff's Request for the Production and Inspection of Documentation (filing no. 70), liberally construed as a Motion for Copies, is denied.

As for Plaintiff's Motions for Evidentiary Depositions from Witnesses, it is unclear from the record whether Plaintiff has conducted the depositions he requested. However, as discussed in the court's December 14, 2011, Memorandum and Order, Defendant has raised the issue of qualified immunity. (*See* Filing No. 99; *see also* Filing Nos. 89 and 90.) The purpose of qualified immunity is to protect government officials from the burdens of litigation and discovery is one such burden. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). Moreover, the discovery deadline in this matter has passed. (*See* Filing No. 67.) Accordingly, Plaintiff's Motions for Evidentiary Depositions from Witnesses (filing nos. 74, 76, 78, 80, 82, 84 and 86) are denied without prejudice to reassertion after the court rules on the pending Motion for Summary Judgment.

## II. MOTION FOR COPIES

Also pending is Plaintiff's Motion for Copies. (Filing No. 101.) In his Motion, Plaintiff states that he needs copies of the "exhibits" filed around June 18, 2011, exhibits sent in on "8-18-2010," and exhibits that have case "MH-898" written on

them. (*Id*.) Plaintiff recently sent a payment to the court in the amount of $7.00. (*See* Docket Sheet.) The Clerk of the court applied the $7.00 payment to Plaintiff's filing fee in a related case, Case No. 8:10CV381.[1] (*Id*.) Liberally construed, however, Plaintiff sent $7.00 for payment of copies. As best as the court can tell, Plaintiff seeks copies of eleven pages: (1) Filing No. 63, pages 2 and 3; (2) Filing No. 1, pages 8 through 11; and (3) Filing No. 65, pages 3 through 7.

Plaintiff's Motion for Copies is granted. The Clerk of the court is directed to reverse application of the $7.00 to Plaintiff's filing fee in Case No. 8:10CV381, and instead, apply $5.50 for payment of copies of the eleven pages described above. The remaining $1.50 shall be applied to Plaintiff's filing fee in Case No. 8:10CV381.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Request for the Production and Inspection of Documentation (filing no. 70), construed as a Motion for Copies, is denied.

2. Plaintiff's Motions for Evidentiary Depositions from Witnesses (filing nos. 74, 76, 78, 80, 82, 84 and 86) are denied without prejudice to reassertion after the court rules on the pending Motion for Summary Judgment.

3. Plaintiff's Motion for Copies (filing no. 101) is granted. The Clerk of the court is directed to reverse application of $7.00 to Plaintiff's filing fee in Case No. 8:10CV381, and instead, apply $5.50 for payment of copies of (1) Filing No. 63,

---

[1] Case Number 8:10CV381 was consolidated with Case Number 8:10CV313 on April 13, 2011. (Filing No. 57.) All further pleadings were directed to be filed in Case Number 8:10CV313. (*Id*.) When Plaintiff filed Case Number 8:10CV381, he was a prisoner as defined by the Prison Litigation Reform Act, and was required to pay the full amount of the court's $350.00 filing fee. (*See* Case No. 8:10CV381, Filing No. 11.)

3

pages 2 and 3; (2) Filing No. 1, pages 8 through 11; and (3) Filing No. 65, pages 3 through 7. The remaining $1.50 shall be applied to Plaintiff's filing fee in Case No. 8:10CV381.

4. Defendant's Motion to Continue Progression Dates (filing no. 98) is denied as moot in accordance with the court's December 14, 2011, Memorandum and Order.

DATED this 12th day of January, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.